UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

FREDDIE C GADDIS                                    CASE NO.  3:20-CV-01137

VERSUS                                              JUDGE DOUGHTY

USA                                                 MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion to dismiss Plaintiff's claims filed by *pro se* Plaintiff Freddie C. Gaddis. [doc. # 4]. For

reasons detailed below, it is recommended that the motion be construed as a voluntary motion for

dismissal, and that the motion be **GRANTED** and Plaintiff's claims **DISMISSED WITHOUT**

**PREJUDICE.**

## Background

On August 28, 2020, Plaintiff filed the instant petition against the United States (" the

Government") under the Federal Tort Claims Act 28 U.S.C. § 1346, alleging that the

Government is liable for negligent acts and omissions in connection with the medical treatment

he received at VA medical facilities in Monroe and Shreveport, Louisiana. [doc. # 1].  Petitioner

claims that the medical facility and staff were negligent in failing to promptly administer his

methadone, which caused him to suffer painful withdrawals. [doc. # 1, pp. 2-4].

The Government's deadline to answer the complaint is November 17, 2020. [doc. # 3].

However, on October 26, 2020, Plaintiff filed the instant Motion to Dismiss for Lack of

Jurisdiction. [doc. # 4]. Therein, Plaintiff states that if a tort claim falls within any of the

"intentional tort exceptions" to the Federal Tort Claims Act, then the district court lacks

jurisdiction to adjudicate it. [doc. # 4]. However, the Plaintiff does not explicitly state that his

claims fall within an exception to the Federal Tort Claims Act, and he does not include a prayer

for relief in his motion. [doc. # 4]. The motion is captioned "Motion to Dismiss for Lack of

Jurisdiction." [doc. # 4]. Because this motion was filed prior to the Defendant filing an answer or

dispositive motion, this matter is ripe.

## Law and Analysis

A plaintiff may voluntarily dismiss an action without a court order by filing "a notice of

dismissal before the opposing party serves either an answer or a motion for summary judgment."

Fed. R. Civ. P. 41(a)(1)(A)(i). Here, the Plaintiff's motion should be treated as a notice of

voluntary dismissal because Plaintiff is entitled to dismissal as a matter of law simply by filing

before the Defendant made an appearance.[1] *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 344

(5th Cir. 2019)(holding that a plaintiff is entitled to unconditional dismissal by notice under Rule

41(a)(1)(A)(i) without prejudice and without a court order).

The United States Court of Appeals for the Fifth Circuit has held that "the court ha[s] no

power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that

right." *Williams v. Ezell*, 531 F.2d 1261, 1263–64 (5th Cir. 1976)(filing of plaintiff's motion to

dismiss the case effectively terminated the case, and any attempt to deny relief on the merits and

dismiss with prejudice was void). A plaintiff "has an 'absolute right' to a Rule 41(a)(1)

---

[1] Furthermore, Plaintiff did not actually articulate an argument in his motion to dismiss for lack of jurisdiction regarding jurisdiction. He simply stated that if the intentional tort exception to the Federal Tort Claims Act applied, then the court would not have jurisdiction. [doc. #4]. Plaintiff falls short of arguing that his claims fall within this exception. Accordingly, his motion to dismiss should be treated as a notice of voluntary dismissal.

dismissal, and '[t]he effect of [a Rule 41(a)(1)] dismissal is to put the plaintiff in a legal position as if he had never brought the first suit.'" *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 (5th Cir. 2005)(citing *Carter v. United States*, 547 F.2d 258, 258–59 (5th Cir. 1977); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)). Furthermore, a plaintiff who has voluntarily dismissed their case under Rule 41(a)(1)(A)(i) "is free to return to the dismissing court or other courts at a later date with the same claim . . . Ultimately, a Rule 41(a)(1) dismissal is not a 'final judgment'." *Id.* (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001)).

Here, because the Plaintiff filed this notice of dismissal prior to the Defendant entering an appearance, he is entitled to dismissal without prejudice. Furthermore, the Court should not address the issue of subject matter jurisdiction at this time. The effect of a dismissal under Rule 41(a)(1)(A)(i) is to put Plaintiff in the position of never having filed the case. *Harvey Specialty & Supply, Inc,* 434 F.3d at 324. If the Court were to find that there is subject matter jurisdiction, plaintiff would still be entitled to dismissal without prejudice, yet it would not be as though he never filed the case because preclusive effects could flow from the Court's finding. Furthermore, if the Court were to find that subject matter jurisdiction is lacking, the remedy would be dismissal without prejudice, to which the plaintiff is already entitled as a matter of law. Thus, the Court should refrain from addressing subject matter jurisdiction at this time, and Plaintiff's case should be dismissed without prejudice.

## Conclusion

Therefore, it is recommended that under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, this motion be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 2nd day of November, 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE